IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Oren Ray Hall, #08549-074, )<br>  ) | Civil Action No. 8:04-23090-TLW-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| United States Parole Commission, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

On March 25, 2005, the respondent filed a motion to dismiss. By order of this court filed March 31, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 8, 2005, the petitioner filed a response to the respondent's motion.

**FACTS PRESENTED**

The petitioner is currently incarcerated at the Federal Correctional Institution-Edgefield. He was convicted in the Eastern District of Tennessee, and sentenced on August 4, 1978 to a term of eight years for the offense of conspiracy to commit arson. He

was later convicted, and sentenced on June 18, 1979, to a consecutive term of 10 years for the offense of mail fraud (ex. A).[1]  The petitioner was paroled on January 22, 1989, to a state detainer.  At the time of his parole, he had a full term date of May 15, 1997, on his federal sentences (ex. B).  The petitioner was released from state custody to the community on October 4, 1990 (ex. C).

On October 29, 2005, the Parole Commission issued a warrant based on the petitioner's new criminal conduct involving a conviction for theft of property.  The petitioner failed to report for sentencing on the charge and did not report for supervision (ex. D).  He was arrested on the Commission's warrant on December 14, 1992, and received a preliminary interview on December 28, 1992 (ex. E).

The petitioner received a parole revocation hearing on March 10, 1993 (ex. F).  He denied stealing any property, but admitted that he had been convicted of the offense.  He also acknowledged that he could receive a sentence of 15 years to life.  The hearing panel recommended that the petitioner's parole be revoked based on his conviction and that he serve 36 months under aggregate guidelines of 30-44 months.  The Commission concurred with the panel's recommendation and a Notice of Action was issued on March 31, 1993.  The Notice of Action revoked the petitioner's parole, forfeited the time spent on parole based on his conviction, and continued him to a presumptive parole after the service of 36 months (ex. G).

The petitioner appealed the Commission's decision to the National Appeals Board, which affirmed the decision by a Notice of Action dated June 1, 1993 (ex. H).  The petitioner was reparoled on December 14, 1995, with a full term date of April 6, 2001 (ex. I).

---

[1] All exhibit notations refer to exhibits attached to the respondent's motion to dismiss.

By letter dated September 13, 1999, the petitioner's federal probation officer advised the Commission that the petitioner appeared to be in violation of the conditions of his release, including the condition that he not associate with persons having a criminal record (ex. J). In response to the alleged violations, the Commission imposed a special condition requiring the petitioner to reside in a community corrections center for up to three months and be subject to electronic monitoring (ex. K).

In October 1999, the petitioner contacted the Commission and inquired as to the time that had been forfeited in his case in 1993. He contended that only 22 months should have been forfeited (ex. L). On November 6, 1999, a Parole Commission case analyst responded to the petitioner's request and advised him that he was not entitled to any time that he had spent on parole based on his conviction for theft of property (ex. M).

By letter dated June 19, 2000, the petitioner's federal probation officer advised the Commission that the petitioner had been arrested and charged with burglary, vandalism, theft of property and evading arrest (ex. N). The Commission received an updated report on March 5, 2001, in which the probation officer advised the Commission that the criminal charges were still pending (ex. O). The Commission issued an abeyance report on March 12, 2001 (ex. P).

On February 5, 2003, the petitioner's federal probation officer advised the Commission that the petitioner had additional criminal charges pending involving the issuance of worthless checks, and that he had traveled outside his district of supervision without permission and provided false information on his monthly supervision reports (ex. Q). The Commission supplemented the warrant with these charges (ex. R). On July 22, 2003, the probation officer provided information on a new criminal charge incurred by the petitioner involving first degree felony possession of a controlled substance with intent to deliver (ex. S). The petitioner's case for the burglary related charges was postponed for over a year (ex. T). The petitioner was subsequently convicted of issuing bad checks and

3

was sentenced on August 25, 2003, and required to pay a fine. The Commission supplemented the warrant with the petitioner's conviction (ex. U).

On March 5, 2004, the petitioner was convicted of a new federal offense. He pleaded guilty to distribution of alprazolam, and he was sentenced on March 5, 2004, in the U.S. District Court for the Eastern District of Tennessee, to a term of 21 months. Because this offense occurred after the petitioner's full term date on his original sentence, the Commission could not charge him with this violation but determined that the pending parole violator charges should be lodged against him as a detainer (ex. V). On July 1, 2004, the Commission advised the Bureau of Prisons to lodge the warrant as a detainer (ex. W). The Commission's warrant was executed on March 3, 2005, and the petitioner is awaiting a parole revocation hearing (ex. X).

## ANALYSIS

The respondent has filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim or, alternatively, for summary judgment pursuant to F.R.Civ.P. 56.

In his complaint, the petitioner contends that the Commission improperly denied him credit for time he was on parole. Ordinarily, prisoners on parole who have unexpired sentences receive credit for time spent on parole, typically called "street time." Where, however, as here, a prisoner commits a new criminal offense while on parole or absconds, the accumulated street time is forfeited. *See* 18 U.S.C. §4210(b). For federal parole purposes, forfeiture of time spent on parole is automatic if a conviction for a crime carrying a potential jail sentence is incurred. 28 C.F.R. §2.52(c)(2)(2005); *D'Amato v. United States Parole Comm'n*, 837 F.2d 72, 77-78 (2nd Cir. 1988); *Simmons v. United States Parole Comm'n*, 590 F.Supp. 1221 (D.D.C.1984); *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983). The petitioner's parole was revoked in 1993 based upon a conviction for theft of property. Unquestionably in this case, the Commission had the authority to

4

disallow credit for time the petitioner spent on parole from January 22, 1989, until his return to federal custody on the Commission's warrant on January 14, 1993. The fact that part of that time was spent in state custody is irrelevant.

The petitioner contends that at his 1993 parole revocation hearing he was told that he would receive credit for the time he spent in state custody (26 months). Contrary to his claim, there is no evidence that any such recommendation was made by the hearing panel. The revocation summary, which is in the record (ex. F), contains no such recommendation and in fact clearly states that "none of the time spent on parole shall be credited (conviction)." Accordingly, the respondent's motion to dismiss or, alternatively, for summary judgment should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the respondent's motion to dismiss be granted.

s/Bruce H. Hendricks
United States Magistrate Judge

September 12, 2005

Greenville, South Carolina

5