IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| OREN RAY HALL, # 08549-074, | ) | C.A. No. 8:04-23090-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

In this *pro se* case, the petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, the petitioner alleges that the respondent improperly denied him "street time" credit on his unexpired sentence for time spent on parole. The respondent denies these allegations and has filed a motion to dismiss and/or for summary judgment. The petitioner opposes this motion.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned. In her Report, Magistrate Judge Hendricks recommends that the respondent's motion for summary judgment be granted and that the instant petition be dismissed. As reasoned by the Magistrate Judge:

> Ordinarily, prisoners on parole who have unexpired sentences receive credit for time spent on parole, typically called "street time." Where, however, as here, a prisoner commits a new criminal offense while on parole or absconds,

1

> the accumulated street time is forfeited. *See* 18 U.S.C. § 4210(b). For federal parole purposes, forfeiture of time spent on parole is automatic if a conviction for a crime carrying a potential jail sentence is incurred. 28 C.F.R. § 2.52(c)(2) (2005) D'Amoto v. United States Parole Comm'n, 837 F.2d 72, 77-78 (2nd Cir. 1988); Simmons v. United States Parole Comm'n, 590 F. Supp. 1221 (D.D.C. 1984); United States v. Newton, 698 F.2d 770, 775 (5th Cir. 1983). The petitioner's parole was revoked in 1993 based upon a conviction for theft of property. Unquestionably in this case, the Commission had the authority to disallow credit for time the petitioner spent on parole from January 22, 1989, until his return to federal custody on the Commissioner's warrant on January 14, 1993...
>
> The petitioner contends that at his 1993 parole revocation hearing he was told that he would receive credit for the time he spent in state custody (26 months). Contrary to his claim, there is no evidence that any such recommendation was made by the hearing panel. The revocation summary, which is in the record (ex. F), contains no such recommendation and in fact clearly states that "none of the time spent on parole shall be credited (conviction)." Accordingly, the respondent's motion to dismiss or, alternatively, for summary judgment should be granted.

The petitioner has filed objections to the Report.[1]

In conducting its review of the Report and the objections filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or

---

[1] On September 26, 2005, the petitioner filed a document entitled " Petitioner' s Response to Motion for Dismissal." The undersigned shall treat this document as an objection to the Magistrate Judge' s Report.

recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report.

In sum, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the respondent's motion for summary judgment is **GRANTED** and the instant case is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

December 5, 2005
Florence, South Carolina